UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIBROGEN, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>HANGZHOU ANDAO PHARMACEUTICAL LTD., et al.,<br><br>        Defendants. | Case No. 22-cv-07148-EJD (SVK)<br><br>**ORDER ON DISCOVERY DISPUTE RE PROTECTIVE ORDER**<br><br>Re: Dkt. No. 29 |

The Court is in receipt of the Parties' Joint Submission regarding entry of a protective order in this action. Dkt. 29. The Parties intend to adopt the Northern District's Protective Order for Patents, Highly Sensitive Confidential Information and/or Trade Secrets ("Model Order"), with modifications. The dispute addresses a handful of proposed modifications upon which the Parties are unable to reach agreement and is suitable for resolution without oral argument. Civ. L.R. 7-1(b). The Court also addresses its standard modifications to the Model Order.

**I.      The Parties' Disputes**

**A. Plaintiff's in-house counsel access to AEO documents (Plaintiff Dispute no. 1; Defendants Dispute no. 1)**

In relevant part, the Model Order provides two levels of protection: "CONFIDENTIAL," and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Model Order § 2.16. Plaintiff argues that its in-house counsel designee, the head of Plaintiff's IP litigation, needs access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" ("AEO") information to manage the litigation. Dkt. 29 at 1-2. The Model Protective Order provides an option for in-house counsel to access AEO information on certain conditions, the first of which is "no involvement in competitive decision-making." Model Order § 7.2(b). However, other than a

single conclusory statement (Dkt. 29 at 3:24), Plaintiff does not respond to Defendants' argument regarding in-house counsel's role in competitive decision-making. Dkt. 29 at 6. Accordingly, the Court needs additional information to resolve this dispute, particularly where, as here, the Parties are competitors. Plaintiff must provide a declaration, signed by its potential in-house counsel designee[1], setting forth a detailed job description covering <u>all</u> of the designee's areas of responsibility. The declaration may only state facts and must not contain argument. Plaintiff may supplement its argument in support of AEO access for in-house counsel in a statement not to exceed 2 pages, double-spaced, **no later than February 24, 2023**. Defendants may respond with a statement not to exceed 2 pages, double-spaced, **no later than March 1, 2023.**

**B.   Recipients of Confidential Information. (Plaintiff Dispute no. 1; Defendants Dispute no. 2)**

Plaintiff proposes modifications to significantly restrict access to the "CONFIDENTIAL" tier of the Model Order, citing concerns about documents at this level of protection being circulated within the Defendants' operations. Dkt. 29 at 3. However, the restrictions Plaintiff proposes for the "CONFIDENTIAL" tier essentially collapses it into the AEO tier, which is expressly designed to limit a party's access to highly sensitive information. The proposed changes are therefore redundant, and as such unnecessary, in light of the AEO tier. Plaintiff's request to place limitations on the "CONFIDENTIAL" tier beyond those set forth in Model Order is **DENIED**.

The Court takes this opportunity to remind the Parties that the AEO tier is reserved for "extremely sensitive" confidential information, the disclosure of which to another party or non-party, "would create a substantial risk of serious harm that could not be avoided by less restrictive means." *See* Model Patent Order § 2.7. Blanket designations and overly restrictive designations are improper and must be avoided.

////

////

---

[1] Plaintiff may designate a different member of its legal team than contemplated in the Joint Submission, supported by the declaration described herein.

**C. Scope of Material Covered by Protective Order (Plaintiff Dispute no. 2; Defendants Dispute no. 4)**

Plaintiff seeks to insert the word "lawfully" in sections 3, 7.2(g) and 7.3(f) to describe documents in the public domain. The request is **DENIED**, though not for the reason suggested by Defendants. The Court appreciates that the Parties dispute whether certain information is in the public domain or not. Dkt. 29 at 4. Plaintiff further suggests that modifying the language of the Protective Order will protect its allegedly misappropriated confidential information from further disclosure by Defendants. Dkt. 29 at 5. The proposed modifications do not address either of these concerns.

First, the Protective Order covers documents produced in discovery in this action, which either Party may mark as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." The Protective Order has no impact on documents in the respective Parties' possession outside of production of those documents in this action. Once marked, the documents will be treated as required under the Protective Order. Second, if a Party believes a designation is unwarranted, *e.g.*, a document is in the public domain, the Protective Order provides a means to challenge confidentiality designations in accordance with this Court's standing order. Model Order (as modified) § 7.4. Similarly, if a Party produces documents that the other side believes warrant protection, the Parties meet and confer to determine if they can come to an agreement, such as designating the documents for this litigation without conceding the issue of public domain, and if not, bring the issue to Court for resolution. Finally, whether or not a particular document is in the public domain is not a dispute to be resolved at the stage of drafting and entering a Protective Order.

**D. Use of Confidential and Highly Confidential Material in Related Proceedings (Plaintiff Dispute no. 3; Defendants Dispute no. 3)**

Plaintiff proposes inserting language to allow information produced in this litigation to be used in "related actions in other jurisdictions." Dkt. 29 at 5. Plaintiff acknowledges that there are no other actions currently pending. *Id*. Plaintiff's proposal is for a cross-use agreement, which the Court declines to consider at this early stage of drafting and entering a Protective Order. The

Parties may well agree in the future upon the judicial efficiency of a cross-use agreement, in which case the Protective Order can be amended accordingly. If the Parties are unable to agree, the issue may be brought to the Court with briefing addressing needs and prejudice, in accordance with this Court's discovery dispute protocol. The proposed language is **DENIED** without prejudice.

### E.  Receiving Party is an Individual (Defendants Dispute no. 5)

Defendants propose changes to "clarify" that an individual Defendant has access to "CONFIDENTIAL" information. Dkt. 29 at 10. The Court does not see where Plaintiff addresses this proposed change directly, although it appears to be covered in section B above. The request is **DENIED** as unnecessary. With regard to documents produced by Plaintiff, each Defendant, whether an entity or an individual, is a "Receiving Party." It is not necessary to amend the protective order to allow a Receiving Party to "disclose" a document to itself.

## II.     The Court's Modifications to the Model Order

The Court has standard modifications to the Model Order to align it with this Court's protocol for resolution of discovery disputes. To speed the process, the Court sets forth those changes in redline in **Exhibit A** to this order.

Within 10 days of receipt of the Court's ruling on the outstanding issue of access by in-house counsel (*see* section A above), the Parties are to submit a final, stipulated Protective Order for the Court's signature. The revised Protective Order must reflect this Court's rulings herein and incorporate this Court's standard modifications in Exhibit A.

**SO ORDERED.**

Dated: February 15, 2023

SUSAN VAN KEULEN
United States Magistrate Judge

4