UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FIBROGEN, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>HANGZHOU ANDAO PHARMACEUTICAL LTD., et al.,<br><br>        Defendants. | Case No. 5:22-cv-07148-EJD<br><br>**ORDER GRANTING MOTION TO STAY DISCOVERY PENDING DISPOSITIVE MOTION**<br><br>Re: ECF Nos. 34, 35 |

Defendants Hangzhou Andao Pharmaceutical Ltd., Kind Pharmaceuticals LLC, Dr. Dongliu, and Dr. Shaojiang Deng ("Defendants") move for a Rule 26(c) protective order to stay discovery ("Motion") until their motion to dismiss has been resolved. ECF No. 34.

The Court finds that this matter is suitable for disposition without oral argument and thereby VACATES the August 17, 2023 hearing on the Motion.

**I.     PROCEDURAL BACKGROUND**

On November 14, 2022, Plaintiff FibroGen, Inc. filed this action, asserting patent inventorship and breach of contract claims against two of its former scientists and the companies they started. ECF No. 1.

On February 7, 2023, Defendants moved to dismiss the Complaint. ECF No. 31. About a week later, they also filed the instant motion to stay discovery pending the resolution of the motion to dismiss. ECF No. 34. Both of these motions were scheduled for hearing on August 17, 2023. On February 13, Defendants also moved to expedite the hearing on their motion to stay. ECF No. 35.

The parties have completed briefing on Defendants' motion to dismiss (ECF Nos. 31, 55,

1   63), the instant Motion to Stay Discovery (ECF Nos. 34, 47, 51), and the motion to expedite the

2   hearing (ECF Nos. 35, 39).

## II.   DISCUSSION

Federal Rule of Civil Procedure 26(c) provides that a court may, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Although a district court has the discretion to stay discovery for good cause, Fed. R. Civ. P. 26(c)(1)(A), the Federal Rules of Civil Procedure "do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011).

"Courts in this district have applied a two-pronged test to determine whether discovery should be stayed pending resolution of a dispositive motion." *Reveal Chat Holdco, LLC v. Facebook, Inc.*, 2020 WL 2843369, at *2 (N.D. Cal. Apr. 10, 2020) (collecting cases). "First, a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed. Second, the court must determine whether the pending dispositive motion can be decided absent additional discovery." *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 220 F.R.D. 349, 352 (N.D. Cal. 2003).

### A.   Potentially Dispositive Motion

On the first *Pacific Lumber* factor, Defendants have moved to dismiss under Rule 12(b)(6). The Complaint asserts eight claims in total: one claim for correction of inventorship under 35 U.S.C. § 256; one claim for declaration of patent ownership; and six claims for various breaches of contract and implied covenants. In taking its "preliminary peek" into the motion to dismiss, the Court observes that Defendants seek to dismiss the inventorship claim for failure to allege the necessary facts to state a claim (Claim 1) and the remaining contract claims as legally void for violating California public policy (Claims 2–8). This is sufficient to meet the first *Pacific Lumber* factor, which only considers whether the motion is "*potentially* dispositive of the entire case." *Pac. Lumber*, 220 F.R.D. at 352 (emphasis added).

Plaintiff argues that Defendants cannot meet this first factor because Defendants' motion to

dismiss presents neither an Article III jurisdictional basis for dismissal nor a basis that would dismiss the Complaint without leave to amend. Opp. 6–7. Although a motion challenging subject matter jurisdiction could certainly be case dispositive, Plaintiff does not cite any authority suggesting that *only* jurisdictional arguments may be "potentially dispositive of the entire case." Indeed, one of Plaintiff's cited cases support the opposite inference. Opp. 5 (citing *Calvary Chapel San Jose v. Cody*, 2021 WL 5353883, at *2 (N.D. Cal. Nov. 12, 2021) (finding it "*especially* true" that a motion is potentially dispositive "where, if the Court ultimately finds the [] Defendants' arguments meritorious, the Court will be deprived of Article III jurisdiction over those claims") (emphasis added)).

Nor does the Court find persuasive Plaintiff's argument that the motion must set forth a basis for dismissal without leave to amend. This interpretation is inconsistent with the requirement that the motion only be "*potentially* dispositive" and would likely require more than a "preliminary peek" at the merits, specifically a premature assessment of the *Foman* factors for granting leave to amend. *See Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178 (1962)). More directly, Plaintiff's proposed interpretation simply is not the practice in this district. *See, e.g.*, *In re Nexus 6p Prod. Liab. Litig.*, 2017 WL 3581188, at *2 (N.D. Cal. Aug. 18, 2017) (finding motion to be potentially dispositive "even with leave to amend freely given"); *In re Google Digital Advert. Antitrust Litig.*, 2020 WL 7227159, at *2 (N.D. Cal. Dec. 8, 2020) (same); *Yamasaki v. Zicam LLC*, 2021 WL 3675214, at *2 (N.D. Cal. Aug. 19, 2021) (same).

Accordingly, without opining on the merits of Defendants' motion to dismiss, the Court finds that, if granted, the motion would be dispositive of all claims in the Complaint. Defendants satisfy the first prong of the *Pacific Lumber* inquiry.

### B. Need for Additional Discovery

With regards to the second *Pacific Lumber* factor, Defendants point out that a motion under Federal Rule of Civil Procedure 12(b)(6) only considers the legal sufficiency of the facts as pled in the complaint and, therefore, requires no discovery to resolve. Mot. 5. Plaintiff responds

Case No.: 5:22-cv-07148-EJD
ORDER GRANTING STAY PENDING DISPOSITIVE MOTION
3

that Defendants' "failure to plead" arguments are "textbook examples of 'factual issues raised in a Rule 12(b) motion.'" Opp. 8–9.

Plaintiff's argument, again, is mistaken. The Court accepts all factual disputes in favor of the plaintiff on a Rule 12(b)(6) motion to dismiss, which wholly precludes any potential factual issues that may require discovery or further factual development. *See, e.g.*, *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) (finding no "factual issues that required discovery" where the district court "accepted the facts alleged by the [plaintiffs] as true, but found them deficient as a matter of law"). Plaintiff's references to various categories of non-public information in Defendants' possession that could be relevant to the motion to dismiss (Opp. 8–9) carries no weight on a Rule 12(b)(6) motion, where the Court merely considers whether sufficient allegations are included in the four corners of the Complaint.

Defendants have shown that resolving their motion to dismiss does not require additional discovery, thereby satisfying the second *Pacific Lumber* prong.

* * *

Because Defendants' motion to dismiss may potentially dispose of the entire case and does not require any further discovery, the Court finds that there is good cause to stay discovery pending the resolution of the motion to dismiss.

## III.   CONCLUSION

Defendants' Motion to Temporarily Stay Discovery is GRANTED. The administrative motion to expedite the hearing date (ECF No. 35) is also DENIED AS MOOT. Discovery in this case shall be STAYED until the Court issues a decision on Defendants' motion to dismiss.

Given this stay, the Court also finds that it is premature to implement a scheduling order and VACATES the Initial Case Management Conference scheduled for April 27, 2023.

**IT IS SO ORDERED.**

Dated: April 19, 2023

EDWARD J. DAVILA
United States District Judge