# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| FIBROGEN, INC. | Case No.  3:22-cv-07148-AMO |
| Plaintiff, | **[PROPOSED] OMNIBUS ORDER SEALING DOCUMENTS** |
| v. | Re: Dkt. Nos. 5, 22, 23, 30, 37, 54, 62, 77, 94. |
| HANGZHOU ANDAO PHARMACEUTICAL LTD.; KIND PHARMACEUTICALS LLC; DR. DONG LIU; AND DR. SHAOJIANG DENG, | |
| Defendants. | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Pursuant to the Court's Order Re: Administrative Motions to Seal Re: Dkt. Nos. 5, 22, 30, 37, 54, 62, 77 (Dkt. No. 89) [1], plaintiff FibroGen Inc. ("Plaintiff" or "FibroGen") and defendants Hangzhou Andao Pharmaceutical Ltd., Kind Pharmaceuticals LLC, Dr. Dong Liu, and Dr. Shaojiang Deng (collectively "Defendants" and, with FibroGen, "the Parties") submit this Proposed Order Sealing Documents.  Having considered the arguments of the parties and the papers submitted the Court hereby **ORDERS** as follows:

### A.      Legal Standard

Pursuant to Civil Local Rule 79-5, the party seeking to file a document or portions of it under seal must explain "(i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient."  Civil L.R. 79-5(c)(1).  The request must be "narrowly tailored to seal only the sealable material."  *Id.* at 79-5(c)(3).

A party seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016), bears the burden of overcoming the "strong presumption in favor of access" with "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotation marks and citation omitted).  The standard derives from the "common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana*, 447 F.3d at 1178).  The party must make a "particularized showing" that "specific prejudice or harm will result" if the information is

---

[1] Dkt. Nos. 22 (Defs. Kind Pharm. LLC and Dr. Shaojiang Deng's Admin. Mot. to Unseal Plaintiffs' Compl.) and 37 (FibroGen's Statement ISO Defs.' Admin. Mot. to Consider Whether Another Party's Material Should Be Sealed) do not contain any confidential or highly confidential information and therefore have been omitted from the chart below.

disclosed.  *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002).

Complaints are "more than tangentially related to the underlying cause of action." *Ctr. for Auto Safety*, 809 F.3d at 1099; *see In re Google Location Hist. Litig.*, 514 F. Supp. 3d 1147, 1161 (N.D. Cal. 2021) (citing cases using compelling reasons standard for sealing complaint). "[T]he strong presumption of access to judicial records [also] applies fully to dispositive pleadings . . . [t]hus, 'compelling reasons' must be shown to seal judicial records attached to a dispositive motion." *Kamakana*, 447 F.3d at 1179 (citation omitted).  Motions to dismiss are dispositive motions which must be considered under the "compelling reasons" standard.  *See, e.g.*, *Plexxikon Inc. v. Novartis Pharms. Corp.*, No. 17-CV-04405-HSG, 2020 WL 1233881, at *2 (N.D. Cal. Mar. 13, 2020) (compelling reasons standard applied to summary judgment motions); *Santelices v. Apttus Corp.*, No. 19-cv-07414-HSG, 2020 WL 5870509, at *4 (N.D. Cal. Oct. 2, 2020) (compelling reasons standard for motion to dismiss).

However, records attached to motions that are only "tangentially related to the merits of a case" are not subject to the strong presumption of access.  *Ctr. for Auto Safety*, 809 F.3d at 1101.  Instead, a party need only make a showing under the good cause standard of Rule 26(c) to justify the sealing of the materials.  *Id.* at 1097.  Thus, motion for sanctions may be judged under the "good cause" standard.

It is in the "sound discretion of the trial court" to determine what constitutes a "compelling reason" for sealing a court document.  *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)).  Compelling reasons justifying sealing court records generally exist when such "court files might . . . become a vehicle for improper purposes" such as "releas[ing] trade secrets," *Kamakana*, 447 F.3d at 1179, or "as sources of business information that might harm a litigant's competitive standing," *Ctr. for Auto Safety*, 809 F.3d at 1097 (citation omitted); *see In re Elec. Arts, Inc.*, 298 F. App'x 568,

569 (9th Cir. 2008) (sealing trade secret information about "the pricing terms, royalty rates, and guaranteed minimum payment terms" in the parties' licensing agreement).

**B.     Rulings**

FibroGen seeks to seal materials in the following general categories: (1) the codenames, date of first synthesis, and number of the allegedly misappropriated compounds; (2) references to patent documents disclosing the chemical names of the compounds; and (3) employee confidentiality agreements.  *See* ECF 5 at 2; ECF 28 at 3-6.  The Court considers each in turn.

FibroGen alleges in a conclusory manner that disclosing the number of overlapping compounds, their codenames, and synthesis date would "allow FibroGen's competitors to obtain an unfair competitive advantage."  ECF 5-1 ¶ 4.  FibroGen claims that "details of compounds in FibroGen's proprietary library and their dates of discovery would give competitors insight into FibroGen's research strategy, progress, and internal operations, allowing competitors to gain an advantage over FibroGen in the development of a competing product."  ECF 28 at 4.  However, FibroGen fails to provide particularized facts or examples showing how disclosing the codenames, synthesis dates of compounds, and number of overlapping compounds would impact FibroGen's competitive standing.  "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning," do not even satisfy the lower "good cause" standard.  *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (citation omitted); *see In re Twitter Inc. Sec. Litig.*, No. 16-CV-05314-JST, 2020 WL 2519888, at *2 (N.D. Cal. May 18, 2020) (finding no compelling reasons where motion and declaration "consist merely of generic assertions that the Court's Order contains 'highly sensitive, confidential, and proprietary information, including non-public information about Twitter's operating metrics, the public disclosure of which would place Twitter at a competitive disadvantage'"); *In re Google Location Hist. Litig.*, 514 F. Supp. 3d at 1164 (no compelling

reason to seal codename that did not reveal detailed information because possibility of others uncovering additional information was "largely speculative"). Like in *Whitecryption*, the moving party failed to explain "how a competitor would use the information to obtain an unfair advantage." *Whitecryption Corp. v. Arxan Techs., Inc.*, No. 15-cv-00754-WHO, 2016 WL 7852471, at *2 (N.D. Cal. Mar. 9, 2016).

Next, FibroGen seeks to seal references to public patents and the chemical names of the overlapping compounds listed in those patents, alleging that these are "trade secrets." ECF 5-1 ¶ 4. FibroGen argues that the compounds were unlawfully published and that the public is unaware that they were developed by FibroGen. ECF 28 at 3-4. However, FibroGen does not explain the particularized harm that will result if the chemical names are disclosed. Instead, it vaguely states that "[a]llowing competitors insight into FibroGen's research and development strategy would harm its competitive standing." *Id*. at 3. This is at best conclusory, and simply not enough for the Court to find that there is a compelling reason to seal the chemical compounds. *Cf. Todd v. Tempur-Sealy Int'l, Inc.*, No. 13CV04984JST (MEJ), 2015 WL 1006534, at *3 (N.D. Cal. Mar. 6, 2015) (finding particularized harm where research reports included "commercially sensitive" market research on prospective buyers, current owners, and the consumer market that could give competitors an advantage).

Moreover, the compounds at issue have been in the public domain in Kind's patents since 2018. ECF 22 at 5. Information that is in the public domain is not sealable. *See Oliver v. Kontrabecki*, 745 F.3d 1024, 1026 (9th Cir. 2014) (finding that the "compelling reasons" standard was not satisfied where information "had been a matter of public record since at least 2004"); *In re Twitter Inc. Sec. Litig.*, 2020 WL 2519888, at *2 (compelling reasons standard not met where the information was "already in the public domain").

1    Finally, FibroGen also fails to show compelling reasons to seal language from employee

2    confidentiality agreements.  FibroGen seeks to seal the entire confidentiality agreement and

3    termination certification for Defendants Liu and Deng.  ECF 5 at 2.  The fact that the contracts

4    are confidential does not automatically mean that they must be sealed in court.  *See Louisiana*

5    *Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, No. 09-CV-03529 JSW NC, 2013 WL

6    636028, at *1 (N.D. Cal. Feb. 20, 2013) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331

7    F.3d 1122, 1136 (9th Cir. 2003)) ("[t]he existence of a confidentiality provision, without more,

8    does not constitute good cause, 'let alone a compelling reason,' to seal"); *Bronson v. Samsung*

9    *Elecs. Am., Inc.*, No. C 18-02300 WHA, 2019 WL 7810811, at *1 (N.D. Cal. May 28, 2019)

10   ("[r]eference[s] to a stipulation or protective order that allows a party to designate certain

11   documents as confidential is not sufficient to establish that a document, or portions thereof, are

12   sealable").

13       While district courts have allowed litigants to file under seal contracts with third parties

14   that "contain proprietary and confidential business information," *Stout v. Hartford Life &*

15   *Accident Ins. Co.*, No. CV 11-6186 CW, 2012 WL 6025770, at *2 (N.D. Cal. Dec. 4, 2012),

16   FibroGen offers no evidence that the employee agreements contain such information.  The

17   employee agreements contain definitions for what constitutes "confidential information,"

18   "inventions," and "trade secrets" and require employees to keep confidential information secret,

19   return documents and materials, and disclose and assign inventions to the company.  ECF 5-5.

20   FibroGen has not articulated what "proprietary" or "business" information is contained in these

21   contracts requiring they be sealed.  *Cf. Stout*, 2012 WL 6025770, at *2 (sealing contract with

22   third party vendor where it included "confidential and proprietary information about the 'cost

23   and manner' in which [the company] secures its medical reviews through medical vendors and

5

physicians and 'how those materials are used to evaluate claims,'" which competitors could use to adjust their own contracts with vendors).

FibroGen "may not relay on vague boilerplate language or nebulous assertions of potential harm but must explain with particularity why any document or portion thereof remains sealable under the applicable legal standard." *Bronson*, 2019 WL 7810811, at *1. Moreover, FibroGen brings six causes of action against the Defendants related to the alleged breach of contract, each of which relies on the language in the confidentiality agreements. Compl. ¶¶ 95-158. If the Court were to seal these contracts, it would prevent the public from understanding the Court's ruling on these claims. *See Kamakana*, 447 F.3d at 1178-79 (citation omitted) (there is a "public interest in understanding the judicial process").

Accordingly, the Court makes the following rulings regarding the materials requested to be sealed:

| Document or Portions of Document to Be Sealed | Evidence Offered in Support of Sealing | Objections | Ruling |
|---|---|---|---|
| FibroGen's Compl. (Dkt. No. 5-2):<br><br>• highlighted portions concerning the highly confidential and proprietary FibroGen compounds at issue at ¶¶ 4, 11, 27, 65, 68, 69, 73, 74, 83, 84, 85, 90, 105, 107, 109, 111, 117, 125, 126, 127, 129, 131, 133, 139. 146, 155, and 157. | FibroGen's Admin. Mot. to File Documents Under Seal (Dkt. No. 5) at 2;<br><br>Decl. of Susan Krumplitsch (Dkt. No. 5-1) at ¶¶ 3-4, 6;<br><br>FibroGen's Opp. to Defs. Kind Pharm. LLC's and Dr. Shaojiang Deng's Admin. Mot. to Unseal Pl.'s Compl., (Dkt. No. 28) at 2-4;<br><br>Decl. of Gail Walkinshaw (Dkt. No. 28-2) at ¶¶ 7-16. | (1) Number of compounds at issue and development year (Dkt. No. 22 at ln. 3:20-4:14; Dkt. No. 40 at ln. 3:3-4:2).<br><br>(2) Compounds at issue at (Dkt. No 22 at ln. 4:16-5:10)<br><br>(3) Codenames of compounds at issue (Dkt. No. 22 at ln. 3:20-4:11; Dkt. No. 40 at ln. 3:3-4:2). | **Denied.** Plaintiff states, in conclusory fashion, that "public access to this [proprietary] information would allow FibroGen's competitors to obtain an unfair commercial advantage . . ." ECF 5-1 ¶ 4. This generic explanation of harm is insufficient to establish compelling reason for sealing the codenames, synthesis date, or number of compounds at issue. Information about the chemical compounds has been in the public domain in patents since 2018. |

[PROPOSED] OMNIBUS ORDER SEALING DOCUMENTS

| | | | |
|---|---|---|---|
| FibroGen's Compl. (Dkt. No. 5-2):<br><br>• highlighted portions concerning FibroGen's confidential employment agreements at ¶¶ 36, 42, 50, 55, 97, 121, 143, and 152. | FibroGen's Admin. Mot. to File Documents Under Seal (Dkt. No. 5) at 2;<br><br>Decl. of Susan Krumplitsch (Dkt. No. 5-1) at ¶¶ 3, 5-6;<br><br>FibroGen's Opp. to Defs. Kind Pharm. LLC's and Dr. Shaojiang Deng's Admin. Mot. to Unseal Pl.'s Compl. (Dkt. No. 28) at 5. | (1) Portions of employment agreements. (Dkt. No. 22 at ln. 5:12-24; Dkt. No. 40 at ln. 5:4-19) | **Denied.** Plaintiff does not show why definitions of terms and provisions in the employee confidentiality contract would harm business standing. The mere fact that the contracts are confidential is insufficient. Plaintiff's conclusory allegations that the contracts "reveal FibroGen's internal operations" and that "[c]ompetitors may use this information to obtain an advantage over FibroGen in the recruiting and retention of researchers and partnerships," ECF 28 at 5-6, do not provide a compelling reason to seal. Additionally, sealing this language would prevent the public from understanding the Court's rulings on the breach of contract claims. |

8

| Ex. A to FibroGen's Compl. (Dkt. No. 5-3):<br><br>• entire Sep. 14, 2006 Confidential Information, Secrecy and Invention Agreement between Dr. Liu and FibroGen. | FibroGen's Admin. Mot. to File Documents Under Seal (Dkt. No. 5) at 2;<br><br>Decl. of Susan Krumplitsch (Dkt. No. 5-1) at ¶¶ 3, 7-8;<br><br>FibroGen's Opp. to Defs. Kind Pharm. LLC's and Dr. Shaojiang Deng's Admin. Mot. to Unseal Pl.'s Compl. (Dkt. No. 28) at 5. | (1) Terms of Dr. Liu's Confidentiality agreement (Dkt. No. 22 at ln. 5:12-24; Dkt. No. 40 at ln. 5:4-19) | **Denied.** Plaintiff does not show why definitions of terms and provisions in employee confidentiality contract would harm business standing. Sealing the contract would prevent the public from understanding the Court's rulings on the breach of contract claims. |
| Ex. B to FibroGen's Compl. (Dkt. No. 5-4):<br><br>• entire Jun. 15, 2015 Termination Certification of Dr. Liu. | FibroGen's Admin. Mot. to File Documents Under Seal (Dkt. No. 5) at 2;<br><br>Decl. of Susan Krumplitsch (Dkt. No. 5-1) at ¶¶ 3, 7, 9;<br><br>FibroGen's Opp. to Defs. Kind Pharm. LLC's and Dr. Shaojiang Deng's Admin. Mot. to Unseal Pl.'s Compl. (Dkt. No. 28) at 5. | (1) Terms of Dr. Liu's Termination Certificate (Dkt. No. 22 at ln. 5:12-24; Dkt. No. 40 at ln. 5:4-19) | **Denied.** Plaintiff has not demonstrated compelling reasons why disclosing the termination certificate will reveal confidential business or proprietary information. |

9

| Ex. C to FibroGen's Complaint (Dkt. No. 5-5):<br><br>• entire Nov. 15, 2004 Confidential Information, Secrecy and Invention Agreement between Dr. Deng and FibroGen. | FibroGen's Admin. Mot. to File Documents Under Seal (Dkt. No. 5) at 2;<br><br>Decl. of Susan Krumplitsch (Dkt. No. 5-1) at ¶¶ 3, 7, 10;<br><br>FibroGen's Opp. To Defs. Kind Pharm. LLC's and Dr. Shaojiang Deng's Admin. Mot. to Unseal Pl.'s Compl. (Dkt. No. 28) at 5. | (1) Terms of Dr. Deng's Confidentiality Agreement (Dkt. No. 22 at ln. 5:12-24; Dkt. No. 40 at ln. 5:4-19) | **Denied.** Plaintiff does not show why definitions of terms and provisions in employee confidentiality contract would harm business standing. Sealing the contract would prevent the public from understanding the Court's rulings on the breach of contract claims. |
| Ex. D to FibroGen's Complaint (Dkt. No. 5-6):<br><br>• entire May 3, 2019 Termination Certification of Dr. Deng. | FibroGen's Admin. Mot. to File Documents Under Seal (Dkt. No. 5) at 2;<br><br>Decl. of Susan Krumplitsch (Dkt. No. 5-1) at ¶¶ 3, 7, 11;<br><br>FibroGen's Opp. To Defs. Kind Pharm. LLC's and Dr. Shaojiang Deng's Admin. Mot. to Unseal Pl.'s Compl. (Dkt. No. 28) at 5. | (1) Terms of Dr. Deng's Termination Certification (Dkt. No. 22 at ln. 5:12-24; Dkt. No. 40 at ln. 5:4-19). | **Denied.** Plaintiff has not demonstrated compelling reasons why disclosing the termination certificate will reveal confidential business or proprietary information. |

[PROPOSED] OMNIBUS ORDER SEALING DOCUMENTS

| | | | |
|---|---|---|---|
| Defs.' Mot. to Dismiss (Dkt. No. 30-3):<br><br>• information about the number of FibroGen's highly confidential and proprietary compounds at issue at i, 1, 3-4, 6, 8-9, 13-17, and 22-25;<br><br>• information about the development timeline for the highly confidential and proprietary FibroGen compounds at issue at 1, 3, and 22-25;<br><br>• names of the highly confidential and proprietary FibroGen compounds as they exist in FibroGen's proprietary research library at 15-16;<br><br>• passages from FibroGen's confidential employment contracts at 4-5, 9-12, 14-16, and 18-20. | FibroGen's Statement ISO Defs.' Admin. Mot. to Consider Whether Another Party's Material Should Be Sealed (Dkt. No. 37) at 2-4. | (1) Number of compounds at issue (Dkt. No. 22 at ln. 3:20-4:14; *Id.* at ln. 4:16-5:10; Dkt. No. 40 at ln. 3:3-4:2).<br><br>(2) Year compounds were developed (Dkt. No. 22 at ln. 4:11-14; Dkt. No. 40 at ln. 3:3-4:2).<br><br>(3) Codenames of compounds at issue (Dkt. No. 22 at ln. 3:20-4:11; Dkt. No. 40 at ln. 3:3-4:2).<br><br>(4) Passages of employment contracts (Dkt. No. 22 at ln. 5:12-24; Dkt. No. 40 at ln. 5:4-19) | **Denied.** Plaintiff fails to show compelling reason for sealing the codenames, synthesis date, or number of compounds at issue. Additionally, FibroGen fails to narrowly tailor its redactions.  It points to broad categories of material on various pages of Defendants' motion to dismiss without clarifying which particular words or phrases must be redacted.<br><br>**Denied.** Plaintiff does not show why definitions of terms and provisions in employee confidentiality contract would harm business standing. Sealing the contract would prevent the public from understanding the Court's rulings on the breach of contract claims. |

11

| FibroGen's Opp. To Defs.' Mot. to Dismiss (Dkt. No. 54-3):<br><br>• highlighted portions concerning the highly confidential and proprietary FibroGen compounds at issue at 16 and 20-21. | FibroGen's Admin. Mot. to File Under Seal (Dkt. No. 54) at 1-4;<br><br>Decl. of Susan Krumplitsch (Dkt. No. 54-1) at ¶¶ 3-6. | (1) Development year, number of molecules, and identities of compounds (Dkt. No. 22 at ln. 3:20-4:11; *Id.* at ln. 4:16-5:10; Dkt. No. 40 at ln. 3:3-4:2; Dkt. No. 59 at ln. 2:11-5:1). | **Denied.** Plaintiff's generic allegations of harm are insufficient to establish compelling reason for sealing the codenames, synthesis date, or number of compounds at issue. No compelling reasons to seal references to public patents that have been in the public domain since 2018. |
|---|---|---|---|
| Defs.' Rep. ISO Mot. to Dismiss (Dkt. No. 62-3):<br><br>• highlighted portions concerning the highly confidential and proprietary FibroGen compounds at issue on pages 1, 10-12, and 14.<br><br>• highlighted passages from FibroGen's confidential employment contracts on pages 2-6 and 13. | FibroGen's Statement ISO Defs.' Admin. Mot. to Consider Whether Another Party's Material Should Be Sealed (Dkt. No. 68) at 1-3;<br><br>FibroGen's Statement ISO ISO Defs.' Admin. Mot. to Consider Whether Another Party's Material Should Be Sealed (Dkt. No. 68) at 1-3. | (1) Number of compounds at issue and development year (Dkt. No. 22 at ln. 3:20-4:14; Dkt. No. 40 at ln. 3:3-4:2).<br><br>(2) Compounds at issue (Dkt. No 22 at ln. 4:16-5:10)<br><br>(3) Codenames of compounds at issue: at line (Dkt. No. 22 at ln. 3:20-4:11; Dkt. No. 40 at ln. 3:3-4:2).<br><br>(4) Portions of employment agreements (Dkt. No. 22 at ln. 5:12-24; Dkt. No. 40 at ln. 5:4-19) | **Denied.** Plaintiff's generic allegations of harm are insufficient to establish compelling reason for sealing the codenames or number of compounds at issue. No compelling reasons to seal references to public patents that have been in the public domain since 2018.<br><br>**Denied.** Plaintiff does not show why definitions of terms and provisions in employee confidentiality contract would harm business standing. Sealing the contract would prevent the public from understanding the Court's rulings on the breach of contract claims. |

| Defs.' Mot. for Sanctions (Dkt. No. 77-3):<br><br>• highlighted portions concerning the highly confidential and proprietary FibroGen compounds at issue at 1, 10-12, and 15-18. | FibroGen's Statement ISO Defs.' Admin. Mot. to Consider Whether Another Party's Material Should Be Sealed (Dkt. No. 80) at ¶¶ 3-6. | (1) Number of compounds at issue and development year (Dkt. No. 22 at ln. 3:20-4:14; Dkt. No. 40 at ln. 3:3-4:2).<br><br>(2) Compounds at issue (Dkt. No. 22 ln. 4:16-5:10) | **Denied.** Plaintiff's generic allegations of harm are insufficient to establish good cause for sealing the codenames, number of compounds at issue, or the publicly available molecule names and diagrams. |
| Decl. of Jeffrey Winkler ISO Defs.' Mot. for Sanctions (Dkt. No. 77-4):<br><br>• information concerning the highly confidential and proprietary FibroGen compounds at issue at ¶¶ 13, 20, and 38-39. | FibroGen's Statement ISO of Defs.' Admin. Mot. to Consider Whether Another Party's Material Should Be Sealed (Dkt. No. 80) at ¶¶ 3-6. | (1) Number of compounds at issue and development year (Dkt. No. 22 at ln. 3:20-4:14; Dkt. No. 40 at ln. 3:3-4:2).<br><br>(2) Compounds at issue (Dkt. No. 22 at ln. 4:16-5:10) | **Denied.** Plaintiff's generic allegations of harm are insufficient to establish good cause for sealing the codenames, number of compounds at issue, or references to publicly available patents. |

    The Court **DIRECTS** the parties to file public versions of all documents for which the proposed sealing has been denied within seven days from the date of this order.

**IT IS SO ORDERED.**

Dated: September 22, 2023

**The Hon. Araceli Martínez-Olguín**
**United States District Judge**

13

[PROPOSED] OMNIBUS ORDER SEALING DOCUMENTS